ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Telephone:   408-292-1040
Fax:              408-416-0248
waqw@sbcglobal.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO TAVARES, JOEL RODRIGUEZ<br><br>Plaintiffs,<br><br>vs.<br><br>DURAN HOGAN CONSTRUCTION, KURT ROBERT HOGAN SR., RAMON DURAN JR., SYLVIA GARCIA HOGAN, MARIA ELENA HOGAN AND DOES 1-10<br><br>Defendants<br><br>Defendants | Case No.: C08-1277 HRL<br>**COMPLAINT & DEMAND FOR JURY TRIAL**<br>Federal FLSA Claim:<br>    1.  Failure to pay overtime and minimum wage: 29 U.S.C. §§ 207, 216(b), and 255(a);<br>California State Claims:<br>    2.  Failure to pay overtime and minimum wages (California Labor Code §§ 1194(a); 1815);<br>    3.  Breach of Contract<br>    4.  Failure to provide meal period (California Labor Code § 226.7)<br>    5.  Failure to Provide Accurate Pay Stubs and Records; Submitting False and Fraudulent Certified Payroll Records (California Labor Code §§ 226, 1174, 1776, IWC Wage Order No. 16 § 6);<br>    6.  Failure to Pay Wages Due at End of Employment (California Labor Code §§ 201, 203);<br>    7.  Violation of California Business and Professions Code §§ 17200. |

### NATURE OF CLAIM

1. This is a action by two construction workers against their employers for unpaid wages, interest, penalties, damages and attorneys' fees and costs arising out of the failure to pay all wages for labor discharged including but not limited to overtime and minimum wages as required by the Fair Labor Standards Act and California law. The plaintiffs seek compensatory

1

**FIRST AMENDED COMPLAINT**

damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b), waiting time penalties under California Labor Code § 203, a liquidated damages assessment under California Labor Code § 1194.2, penalties under California Labor Code § 226 (wage stub violations), attorney's fees, costs, and pre-judgment interest pursuant to California Labor Code §1194(a) and 29 U.S.C. § 216(b).

2.  Plaintiffs had performed labor on projects funded in whole or in part by government funds ("Public Works Projects") and is entitled to the payment of Prevailing Wages as determined and disseminated by the State of California's Department of Industrial Relations. Said Prevailing Wage obligations make these projects more expensive and cost local and state governments, and in turn taxpayers, more money because of the guaranteed hourly wage earmarked to construction workers. The failure to pay Prevailing Wages, therefore, results in an injury to affected workers and the public at large as public funds, for the benefit of construction workers, are diverted to responsible parties.

## SUBJECT MATTER JURISDICTION AND VENUE

3.  Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 *et. seq.* and the pendant jurisdiction of this Court.

4.  This Court is a proper venue, since all events giving rise to the claims of the Plaintiffs.

## PARTIES

5.  At all times relevant herein, Plaintiff RICARDO TAVARES is an individual resident of San Jose, California.

6.  At all relevant times herein, Plaintiff JOEL RODRIGUEZ is an individual resident of San Jose, California.

7.  At all times relevant herein, Defendant DURAN HOGAN CONSTRUCTION is a California corporation engaged in construction business. Plaintiffs are informed and believe and

thereupon allege that DURAN HOGAN CONSTRUCTION was hired in execution of various public works construction projects ("PROJECTS"), which are funded in whole or in part by the public funds of various local, state or federal government or public entities.

8. Individual Defendants KURT ROBERT HOGAN SR., RAMON DURAN JR., SYLVIA GARCIA HOGAN, MARIA ELENA HOGAN and DOES 1-10, at all times relevant herein, are, according to information and belief, officers, owners, or employees of DURAN HOGAN CONSTRUCTION, having control over the Plaintiffs' work conditions and work situations.

9. Plaintiffs are informed and believe and therefore allege that individual Defendants KURT ROBERT HOGAN SR., RAMON DURAN JR., SYLVIA GARCIA HOGAN, MARIA ELENA HOGAN and DOES 1-10 are jointly and severally liable under for the underpayment of prevailing wages under California Labor section 1722.1 which states:

> For the purposes of this chapter, "contractor" and "subcontractor" include a contractor, subcontractor, licensee, officer, agent, or representative thereof, acting in that capacity, when working on public works pursuant to this article and Article 2 (commencing with Section 1770).

10. Plaintiffs are informed and believe and based thereon allege that DURAN HOGAN CONSTRUCTION had employed Plaintiffs as construction workers on the PROJECTS.

**GENERAL ALLEGATIONS**

11. Defendant DURAN HOGAN CONSTRUCTION employed Plaintiffs at all relevant times within the statute of limitations in this action on PROJECTS.

12. Defendant DURAN HOGAN CONSTRUCTION compensated Plaintiffs for their labor at a rate of pay below the prevailing wage rate of pay for the classification of their labor.

**FIRST AMENDED COMPLAINT**

13. Defendant DURAN HOGAN CONSTRUCTION did not compensate Plaintiffs for their labor by making any fringe benefit contributions that could offset the prevailing wage rate of pay for the classification of his labor.

14. Defendant DURAN HOGAN CONSTRUCTION did not compensate Plaintiffs for their labor by paying overtime wages when due and owing.

15. Defendant DURAN HOGAN CONSTRUCTION did not authorize or permit Plaintiffs to take 30-minute unpaid meal periods when he worked every 5 hours.

**COUNT ONE**
*Violation of the Fair Labor Standards Act*
29 U.S.C. §§ 207, 216(b), and 255(a)
*Failure to Pay Overtime Wages and Minimum Wages*

16. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-15 as if fully stated herein.

17. At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

18. Defendant DURAN HOGAN CONSTRUCTION is an enterprises engaged in commerce or in the production of goods for commerce as defined by FLSA.

19. Defendant DURAN HOGAN CONSTRUCTION routinely required and/or suffered or permitted Plaintiffs to work more than 40 hours per week without paying them required overtime wage for hours worked in excess of 40 hours per week.

20. In failing to pay Plaintiffs overtime wages at one-and-one-half times their regular rate of pay, Defendant DURAN HOGAN CONSTRUCTION willfully violated the FLSA.

21. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

**FIRST AMENDED COMPLAINT**

22. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs their proper wages, thus Defendant DURAN HOGAN CONSTRUCTION is liable to Plaintiffs for liquidated damages in an amount equal to their lost wages over a three year statute of limitations pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

23. Plaintiffs were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA.

### COUNT TWO
*Violation of California Labor Code §§ 510,1771 & 1194*
*Failure to Properly Pay Minimum Wages and Overtime on Public Works and Private Construction Projects*

24. Plaintiffs re-allege and incorporate paragraphs 1-23 as if fully stated herein.

25. At all times mentioned herein, Plaintiffs were employed in execution of the PROJECTS which were and are subject to the prevailing wage laws of the State of California pursuant to Labor Code §§ 1771 & 1774, regarding work undertaken on public construction projects. Pursuant to Labor Code §§ 1771 &1774, all employees, including Plaintiffs, hired in execution of PROJECTS, shall be paid for their work on the PROJECTS not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the public work is performed, and not less than the general prevailing rate of per diem wages for holiday and overtime work. Said Prevailing Wage rates are disseminated by the State of California's Department of Industrial Relations and pursuant to California laws and Regulations all contractors in the execution of a public works construction project are mandated by law to pay these minimum wages.

26. At all times mentioned herein, Defendant DURAN HOGAN CONSTRUCTION were subject to the prevailing wage laws of the State of California pursuant to Labor Code §§ 1771, 1774 and 1815, regarding work undertaken on public works construction projects.

**FIRST AMENDED COMPLAINT**

Pursuant to Labor Code §§1771, 1774 and 1815, Defendant DURAN HOGAN CONSTRUCTION had a duty to pay its employees on such projects, including Plaintiffs who were employed in the execution of the contract of the PROJECTS, not less than one and one-half times their basic prevailing rate of pay for holiday and overtime work, as specified in annual and semi-annual bulletins published by the California Department of Industrial Relations.

27. At all times mentioned herein, Defendant DURAN HOGAN CONSTRUCTION was subject to the overtime wage laws of the State of California pursuant to Labor Code §510, regarding work undertaken on private construction projects. Pursuant to Labor Code §510, Defendant DURAN HOGAN CONSTRUCTION had a duty to pay its employees, including Plaintiffs, who worked on such private constructions projects not less than the one and one-half times their contractually agreed upon regular rate of pay for non-public works construction projects for all hours worked in excess of 8 hours a day and 40 hours a week.

28. Plaintiffs are informed and believe and based thereon contend that for work performed on PROJECTS, they were paid less than the required minimum prevailing rate for non-holiday and non-overtime hours and less than the required minimum prevailing rate for holiday and overtime work as required by Labor Code §§1771, 1774 and 1815; and for non-public works construction projects he was paid less than one and one-half times his regular rate of pay, or not at all, for the hours worked in excess of 8 hours a day and 40 hours a week as required by California Labor Code § 510.

29. Plaintiffs therefore contend that for their work performed on PROJECTS, Defendant DURAN HOGAN CONSTRUCTION violated Labor Code §§ 1771, 1774 and 1815, specifically by failing and refusing to comply with the statutory duty to pay Plaintiffs or to ensure that Plaintiffs be paid, prevailing wages and prevailing wage for holiday and overtime work as required by the contracts and by statute. Plaintiffs also contend that for non-public

6

**FIRST AMENDED COMPLAINT**

works construction projects, Defendant DURAN HOGAN CONSTRUCTION violated Labor Code §510, specifically by failing and refusing to comply with the statutory duty to pay Plaintiffs one and one-half times their regular rate of pay for hours worked in excess of 8 hours a day or 40 hours a week as required by statute.

30.     Pursuant to Labor Code § 1194, for his work on PROJECTS, Plaintiffs seek as earned but not paid minimum prevailing wages and required minimum prevailing wage for holiday and overtime work; and for their work on non-pubic works construction projects, Plaintiffs seek as earned but unpaid overtime compensation for hours worked in excess of 8 hours a day or 40 hours a week.   Plaintiffs are entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

31.     Plaintiffs have incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demands such reasonable attorneys' fees and costs as set by the court pursuant to California Labor Code § 1194.

**COUNT THREE**
**BREACH OF CONTRACT -THIRD PARTY BENEFICIARY**

32.     Plaintiffs incorporate by reference as though fully set forth herein each of the allegations of Paragraphs 1 through 31.

33.     Plaintiffs are informed and believe and based thereon allege that during the relevant time periods mentioned herein, the general contractor(s) for the PROJECTs and awarding body(or awarding bodies) of the PROJECTS entered into public works construction written contracts for the PROJECTS.  Plaintiffs are informed and believe and based thereon allege that various contracts have been entered into among the general contractor(s) of the POROJECTS, various subcontractors, including DURAN HOGAN CONSTRUCTION in connection with the PROJECTS.  These contracts are hereinafter referred to as CONTRACTS.

7

**FIRST AMENDED COMPLAINT**

34.  Plaintiffs are informed and believe and based thereon allege that the CONTRACTS required Defendant DURAN HOGAN CONSTRUCTION and each of them, to comply with all applicable legal requirements for work undertaken on public works projects and ensure subcontractors in connection with the PROJECTS to comply with all such laws, including payment of prevailing wages pursuant to Labor Code §§ 1194 and 1770 et seq.

35.  Except as excused by the wrongful conduct of Defendant DURAN HOGAN CONSTRUCTION, Plaintiffs have performed all conditions required to be performed by them under the CONTRACTS .

36.  Plaintiffs are informed and believe and based thereon allege that Defendant DURAN HOGAN CONSTRUCTION breached the CONTRACTS by failing to pay prevailing wages as required by the CONTRACTS, and as required by California law, and by failing to submit truthful and accurate Certified Payroll Records to the public bodies awarding the CONTRACTS.  Plaintiffs were damaged by the failure of Defendant DURAN HOGAN CONSTRUCTION to  pay prevailing wages.

37.  Plaintiffs have standing as intended third-party beneficiaries of the CONTRACTS to assert said claims.

38.  As a result of breach of the CONTRACTS by Defendant DURAN HOGAN CONSTRUCTION, as more fully set forth herein, Plaintiffs were damaged in an amount to be proved at trial.

39.  Plaintiffs seek as contractual damages earned but unpaid wages being the difference between the amount paid and the prevailing wage rate as determined by the Director of Industrial Relations.

40.  Plaintiffs are entitled to and therefore request an award of pre-judgment interest on the unpaid wages set forth herein.

41. Plaintiffs are informed and believe and based thereon allege that the CONTRACTS at issue provided that should a dispute arise in connection with the CONTRCATS that attorneys fees would be awarded to the prevailing party. Plaintiffs have incurred, and will continue to incur attorney fees in the prosecution of this action and therefore demands such reasonable attorneys' fees as set by the court.

### COUNT FOUR
*Failure to Provide Rest Periods and Meal Periods*
*California Labor Code § 226.7*

42. Plaintiffs re-allege and incorporate his allegations set forth in paragraphs 1-41 as if fully restated hereinafter.

43. At all relevant times herein, Plaintiffs' employment with Defendant DURAN HOGAN CONSTRUCTION was subject to the provisions of California Labor Code § 226.7, which requires employers to provide employees a ten minute rest period for every four hours worked and a thirty-minute meal break for every five hours worked, unless expressly exempted.

44. During their employment with Defendant, Plaintiffs worked at least 6 hours a day, and were not always provided any or all rest periods and/or meal periods as required by law.

45. For each time that Plaintiffs were not provided the required rest period or meal period, he is entitled to recover one additional hour of pay at his regular rate of compensation pursuant to California Labor Code section 226.7.

46. Plaintiffs are therefore entitled to payment, in an amount to be proved at trial with Defendant DURAN HOGAN CONSTRUCTION liable for an extra hour of pay for each meal and/or rest period missed by Plaintiffs. Said premium pay is a minimum wage obligation, pursuant to California Labor Code section 1194, for meal periods not afforded on Public Works Construction Projects.

**FIRST AMENDED COMPLAINT**

47. Plaintiffs are also entitled to payment of their reasonable attorney's fees and costs of suit incurred in recovering the additional pay for missed meal periods by Plaintiffs while working on PROJECTS pursuant to California Labor Code § 1194, and interest pursuant to California Labor Code § 218.6.

## COUNT FIVE
*California Labor Code § 226 & 1174*
*Wage Stubs and Record Keeping*

48. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-47 as if fully stated herein.

49. At all times relevant hereto, Defendant DURAN HOGAN CONSTRUCTION was subject to the provisions of IWC Wage Order 16-2001, and Labor Code §§ 226 and 1174, which require employer to keep written daily records of each of its employee's hours of work and meal breaks and to maintain such records for at least three years; and to provide each employee with written periodic wage payment setting forth, among other things, the dates of labor for which payment of wages is made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, and the name and address of the employer.

50. Defendant DURAN HOGAN CONSTRUCTION knowingly and intentionally failed to provide Plaintiffs with accurate, itemized wage statements in compliance with Labor Code §226. Such failures in Defendant DURAN HOGAN CONSTRUCTION itemized wage statements included, among other things, not accurately showing the number of all hours worked, including overtime hours, in each pay period and/or incorrectly reporting gross wages earned.

51. As a direct result of Defendant' failure, Plaintiffs were injured and entitled to recover an amount to be proved at trial, of not less than $100.00 for each violation up to $4,000.00.

10

**FIRST AMENDED COMPLAINT**

52. Plaintiffs have incurred, and will continue to incur attorney fees in the prosecution of this action.

### COUNT SIX
*California Labor Code Section 203*
*Waiting Time Penalties*

53. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-52 as if fully stated herein.

54. At the time Plaintiffs' employment with Defendant was terminated, Defendant DURAN HOGAN CONSTRUCTION owed Plaintiffs certain unpaid prevailing minimum wage, overtime wages and meal period premiums as previously alleged, and such wages owed each Plaintiff were ascertainable at the time of termination.

55. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer to the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

56. As of this date, Defendant DURAN HOGAN CONSTRUCTION has failed and refused, and continues to fail and refuse, to pay the amount due, thus making Defendant DURAN HOGAN CONSTRUCTION liable to each Plaintiff for penalties equal to thirty (30) days wages.

### COUNT SEVEN
*Violation of California Business & Professions Code §17200*
*Restitution for Unfair Business Practices*

57. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-56 as if fully stated herein.

58. At all times relevant herein, Plaintiffs' employment with Defendant DURAN HOGAN CONSTRUCTION was subject to FLSA and California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid certain minimum prevailing wages, overtime for work performed in

**FIRST AMENDED COMPLAINT**

excess of 40 hours per week or 8 hours per day unless specifically exempted by the law, and also required Plaintiffs to be paid premium pay for missed meal/rest periods.

59. At all times relevant herein, the employer of Plaintiffs, Defendant DURAN HOGAN CONSTRUCTION was subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay Plaintiffs certain minimum prevailing wages, overtime pay as required by applicable state and federal laws and failed to pay premium pay for missed meal/rest periods, to all of which Plaintiffs were legally entitled, with Defendants keeping to themselves the amount which should have been paid to Plaintiffs.

60. In doing so, Defendant DURAN HOGAN CONSTRUCTION violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable FLSA and California Labor Code provisions, IWC Wage Orders, and thus giving them a competitive advantage over other employers and businesses with whom Defendant DURAN HOGAN CONSTRUCTION was in competition and who were in compliance with the law.

61. As a direct and proximate result of Defendant DURAN HOGAN CONSTRUCTION's violations and failure to pay the required minimum prevailing wages and overtime pay, Plaintiffs' rights under the law were violated and Plaintiffs incurred general damages in the form of unpaid wages in amount to be proved at trial.

62. Defendant DURAN HOGAN CONSTRUCTION had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of wage and hour laws as set forth in FLSA and California Labor Code and relevant wage orders, but willfully, knowingly, and intentionally failed to pay Plaintiffs minimum prevailing wages and overtime pay due.

**FIRST AMENDED COMPLAINT**

63. Plaintiffs, having been illegally deprived of the minimum prevailing wages, overtime pay and meal period premiums to which they were legally entitled, herein seek restitution of such unpaid wages pursuant to the Business and Professions Code §17203.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1. For compensatory damages per California Labor Code §1194 for unpaid minimum prevailing and overtime wages, in the amount to be proved at trial;

2. For compensatory damages and liquidated damages per 29 U.S.C. § 216 for unpaid overtime wages, in the amount to be proved at trial

3. For unpaid prevailing wage promised to Plaintiffs as the third party beneficiary;

4. For premium pay for missed meal periods;

5. For actual damages sustained as result of Defendant's failure to provide required accurate pay statement or for penalty as prescribed under Labor Code § 226;

6. For "waiting-time" penalties under California Labor Code §203.

7. For restitution of unpaid minimum prevailing wage, overtime pay and meal/rest period premium pay;

8. For pre-judgment interest of 10% on the unpaid prevailing wage, overtime compensation and unpaid minimum wage under California Labor Code §§ 1194(a);

9. For reasonable attorney's fees pursuant to California Labor Code §1194(a);

10. For costs of suit herein; and

11. For such other and further relief as the Court may deem appropriate.

Dated: June 19, 2008                    By: /s/ Adam Wang             .
                                              Adam Wang
                                              Attorney for Plaintiffs

13

**FIRST AMENDED COMPLAINT**