1  PAUL V. SIMPSON, BAR NO. 83878
   psimpson@sgilaw.com
2  TIMOTHY P. O'DONNELL, BAR NO. 185492
   todonnell@sgilaw.com
3  SIMPSON, GARRITY & INNES
   Professional Corporation
4  601 Gateway Boulevard, Suite 950
   South San Francisco, CA  94080
5  Telephone:  (650) 615-4860
   Fax:  (650) 615-4861
6
   Attorneys for Defendants
7  DURAN HOGAN CONSTRUCTION,
   KURT ROBERT HOGAN SR., RAMON
8  DURAN JR., SYLVIA GARCIA HOGAN,
   MARIA ELENA DURAN (erroneously sued
9  herein as MARIA ELENA HOGAN)

                    UNITED STATES DISTRICT COURT

                    NORTHERN DISTRICT OF CALIFORNIA


| RICARDO TAVARES, JOEL RODRIGUEZ, | ) Case No. C08-1277 HRL |
|---|---|
| Plaintiffs, | ) **DEFENDANTS DURAN HOGAN** |
| | ) **CONSTRUCTION, KURT ROBERT** |
| v. | ) **HOGAN SR., RAMON DURAN JR.,** |
| | ) **SYLVIA GARCIA HOGAN, MARIA** |
| DURAN HOGAN CONSTRUCTION, KURT | ) **ELENA DURAN'S ANSWER TO** |
| ROBERT HOGAN SR., RAMON DURAN JR., | ) **PLAINTIFFS' FIRST AMENDED** |
| SYLVIA GARCIA HOGAN, MARIA ELENA | ) **COMPLAINT** |
| HOGAN AND DOES 1-10, | ) |
| Defendants. | ) |

Defendants Duran Hogan Construction, Kurt Robert Hogan Sr., Ramon Duran Jr., Sylvia Garcia Hogan, Maria Elena Duran (erroneously sued herein as Maria Elena Hogan) (hereinafter "Defendants") answer Plaintiffs' First Amended Complaint (hereinafter "Complaint") as follows:

## NATURE OF THE CLAIM

1. Answering Paragraph 1 of the Complaint, Defendants admit that Plaintiffs' complaint seeks compensatory damages for alleged unpaid wages, interest, penalties, attorneys' fees and costs, liquidated damages, waiting time penalties, liquidated damages assessment, statutory penalties, and pre-judgment interest. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 1 of the Complaint.

2. Answering Paragraph 2 of the Complaint, Defendants admit that Plaintiffs performed labor as plumbers on various Public Works construction projects which require the payment of Prevailing Wages. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 2 of the Complaint.

## SUBJECT MATTER JURISDICTION AND VENUE

3. Answering Paragraph 3 of the Complaint, Defendants admit that jurisdiction of this Court is based upon the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. ("FLSA"). Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 3.

4. Answering Paragraph 4 of the Complaint, Defendants can neither admit nor deny the allegations in this paragraph as the allegations are unintelligible. As a result, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis, deny each and every allegation contained therein.

## PARTIES

5. Answering Paragraph 5 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and on that basis, deny each and every allegation contained therein.

6. Answering Paragraph 6 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis, deny each and every allegation contained therein.

7. Answering Paragraph 7 of the Complaint, Defendants admit that Duran Hogan Construction is a California corporation engaged in the construction business. Defendants further admit that Duran Hogan Construction has worked on various public works construction projects. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 7 of the Complaint.

8. Answering Paragraph 8 of the Complaint, Defendants deny each and every allegation contained in Paragraph 8 of the Complaint.

9. Answering Paragraph 9 of the Complaint, Defendants admit that California Labor Code Section 1722.1 states what Plaintiffs allege it states. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 9 of the Complaint.

10. Answering Paragraph 10 of the Complaint, Defendants admit the allegations contained therein.

**GENERAL ALLEGATIONS**

11. Answering Paragraph 11 of the Complaint, Defendants admit the allegations contained therein.

12. Answering Paragraph 12 of the Complaint, Defendants deny each and every allegation contained in Paragraph 12 of the Complaint.

13. Answering Paragraph 13 of the Complaint, Defendants deny each and every allegation contained in Paragraph 13 of the Complaint.

14. Answering Paragraph 14 of the Complaint, Defendants deny each and every allegation contained in Paragraph 14 of the Complaint.

15. Answering Paragraph 15 of the Complaint, Defendants deny each and every allegation contained in Paragraph 15 of the Complaint.

**COUNT ONE**
*Violation of the Fair Labor Standards Act*
29 U.S.C. §§ 207, 216(b), and 255(a)
*Failure to Pay Overtime Wages and Minimum Wages*

16. Answering Paragraph 16 of the Complaint, Defendants reallege and incorporate by reference their responses previously made in Paragraphs 1 through 15 above.

17. Answering Paragraph 17 of the Complaint, Defendants admit the allegations contained therein.

18. Answering Paragraph 18 of the Complaint, Defendants admit the allegations contained therein.

19. Answering Paragraph 19 of the Complaint, Defendants deny each and every allegation contained in Paragraph 19 of the Complaint.

20. Answering Paragraph 20 of the Complaint, Defendants deny each and every allegation contained in Paragraph 20 of the Complaint.

21. Answering Paragraph 21 of the Complaint, Defendants deny each and every allegation contained in Paragraph 21 of the Complaint.

22. Answering Paragraph 22 of the Complaint, Defendants deny each and every allegation contained in Paragraph 22 of the Complaint.

23. Answering Paragraph 23 of the Complaint, Defendants deny each and every allegation contained in Paragraph 23 of the Complaint.

**COUNT TWO**
*Violation of California Labor Code §§ 510, 1771 & 1194*
*Failure to Properly Pay Minimum Wages and Overtime on Public Works and Private Construction Projects*

24. Answering Paragraph 24 of the Complaint, Defendants reallege and incorporate by reference their responses previously made in Paragraphs 1 through 23 above.

25. Answering Paragraph 25 of the Complaint, Defendants admit the allegations contained therein.

26. Answering Paragraph 26 of the Complaint, Defendants admit the allegations contained therein.

27. Answering Paragraph 27 of the Complaint, Defendants deny each and every allegation contained in Paragraph 27 of the Complaint.

28. Answering Paragraph 28 of the Complaint, Defendants deny each and every allegation contained in Paragraph 28 of the Complaint.

29. Answering Paragraph 29 of the Complaint, Defendants deny each and every

allegation contained in Paragraph 29 of the Complaint.

30. Answering Paragraph 30 of the Complaint, Defendants deny each and every allegation contained in Paragraph 30 of the Complaint.

31. Answering Paragraph 31 of the Complaint, Defendants deny each and every allegation contained in Paragraph 31 of the Complaint.

## COUNT THREE
## BREACH OF CONTRACT – THIRD PARTY BENEFICIARY

32. Answering Paragraph 32 of the Complaint, Defendants reallege and incorporate by reference their responses previously made in Paragraphs 1 through 31 above.

33. Answering Paragraph 33 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and on that basis, deny each and every allegation contained therein.

34. Answering Paragraph 34 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and on that basis, deny each and every allegation contained therein.

35. Answering Paragraph 35 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and on that basis, deny each and every allegation contained therein.

36. Answering Paragraph 36 of the Complaint, Defendants deny each and every allegation contained in Paragraph 36 of the Complaint.

37. Answering Paragraph 37 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and on that basis, deny each and every allegation contained therein.

38. Answering Paragraph 38 of the Complaint, Defendants deny each and every allegation contained in Paragraph 38 of the Complaint.

39. Answering Paragraph 39 of the Complaint, Defendants admit that Plaintiffs are seeking what the complaint states they are seeking. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 39 of the Complaint.

40. Answering Paragraph 40 of the Complaint, Defendants admit that Plaintiffs are requesting an award of pre-judgment interest. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 40 of the Complaint.

41. Answering Paragraph 41 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, and on that basis, deny each and every allegation contained therein.

## COUNT FOUR
*Failure to Provide Rest Periods and Meal Periods*
California Labor Code §226.7

42. Answering Paragraph 42 of the Complaint, Defendants reallege and incorporate by reference their responses previously made in Paragraphs 1 through 41 above.

43. Answering Paragraph 43 of the Complaint, Defendants admit that Duran Hogan Construction was subject to California Labor Code Section 226.7. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 43 of the Complaint.

44. Answering Paragraph 44 of the Complaint, Defendants deny each and every allegation contained in Paragraph 44 of the Complaint.

45. Answering Paragraph 45 of the Complaint, Defendants deny each and every allegation contained in Paragraph 45 of the Complaint.

46. Answering Paragraph 46 of the Complaint, Defendants deny each and every allegation contained in Paragraph 46 of the Complaint.

47. Answering Paragraph 47 of the Complaint, Defendants deny each and every allegation contained in Paragraph 47 of the Complaint.

## COUNT FIVE
California Labor Code §226 & 1174
*Wage Stubs and Record Keeping*

48. Answering Paragraph 48 of the Complaint, Defendants reallege and incorporate by reference their responses previously made in Paragraphs 1 through 47 above.

49. Answering Paragraph 49 of the Complaint, Defendants admit that Duran Hogan Construction was subject to Labor Code Sections 226 and 1174. Except as expressly admitted

1  herein, Defendants deny each and every remaining allegation contained in Paragraph 49 of the
2  Complaint.

3    50.    Answering Paragraph 50 of the Complaint, Defendants deny each and every
4  allegation contained in Paragraph 50 of the Complaint.

5    51.    Answering Paragraph 51 of the Complaint, Defendants deny each and every
6  allegation contained in Paragraph 51 of the Complaint.

7    52.    Answering Paragraph 52 of the Complaint, Defendants deny each and every
8  allegation contained in Paragraph 52 of the Complaint.

**COUNT SIX**
California Labor Code Section 203
*Waiting Time Penalties*

11   53.    Answering Paragraph 53 of the Complaint, Defendants reallege and incorporate by
12  reference their responses previously made in Paragraphs 1 through 52 above.

13   54.    Answering Paragraph 54 of the Complaint, Defendants deny each and every
14  allegation contained in Paragraph 54 of the Complaint.

15   55.    Answering Paragraph 55 of the Complaint, Defendants deny each and every
16  allegation contained in Paragraph 55 of the Complaint.

17   56.    Answering Paragraph 56 of the Complaint, Defendants deny each and every
18  allegation contained in Paragraph 56 of the Complaint.

**COUNT SEVEN**
Violation of California Business & Professions Code §17200
*Restitution for Unfair Business Practices*

21   57.    Answering Paragraph 57 of the Complaint, Defendants reallege and incorporate by
22  reference their responses previously made in Paragraphs 1 through 56 above.

23   58.    Answering Paragraph 58 of the Complaint, Defendants deny that Duran Hogan
24  Construction was subject to the provisions of the California Labor Code and IWC Wage Orders
25  regarding overtime. Except as so denied, Defendants admit the allegations contained therein.

26   59.    Answering Paragraph 59 of the Complaint, Defendants deny each and every
27  allegation contained in Paragraph 59 of the Complaint.

28   60.    Answering Paragraph 60 of the Complaint, Defendants deny each and every

allegation contained in Paragraph 60 of the Complaint.

61.    Answering Paragraph 61 of the Complaint, Defendants deny each and every allegation contained in Paragraph 61 of the Complaint.

62.    Answering Paragraph 62 of the Complaint, Defendants deny each and every allegation contained in Paragraph 62 of the Complaint.

63.    Answering Paragraph 63 of the Complaint, Defendants deny each and every allegation contained in Paragraph 63 of the Complaint.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that the Complaint, and each purported claim alleged therein, fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs' claims for relief are barred by the applicable statute(s) of limitations.

THIRD AFFIRMATIVE DEFENSE

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs' claims for relief are barred by the doctrine of laches.

FOURTH AFFIRMATIVE DEFENSE

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs are barred from any and all recovery by virtue of their conduct constituting a waiver of each and every alleged claim for relief.

FIFTH AFFIRMATIVE DEFENSE

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs are estopped by their own actions and conduct from seeking recovery on his claims for relief.

### SIXTH AFFIRMATIVE DEFENSE

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs' claims are barred by their unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs' claims for relief are preempted in whole or in part by 29 USC 185 (Section 301 of the Labor Management Relations Act).

### EIGHTH AFFIRMATIVE DEFENSE

AS A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege Plaintiffs' claims are barred because Plaintiffs approved, consented to, authorized and/or ratified the alleged conduct of Defendants complained of in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that it and they duly performed, satisfied and discharged all duties and obligations it/they may have had to Plaintiffs, if any, and that the allegations in the Complaint are therefore barred in whole or in part by the provisions of California Civil Code Sections 1473 through 1477.

### TENTH AFFIRMATIVE DEFENSE

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs have been paid all wages due and owing to them.

### ELEVENTH AFFIRMATIVE DEFENSE

AS A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that any failure, if any, to pay all wages due to Plaintiffs was made in good faith and based upon reasonable grounds.

### TWELFTH AFFIRMATIVE DEFENSE

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that any failure by Defendants to pay wages allegedly due to Plaintiffs was based on a good faith dispute as to whether those wages were due.

### THIRTEENTH AFFIRMATIVE DEFENSE

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs have failed to mitigate their damages, if any, by failing to take such actions as are reasonably necessary to minimize any loss that may have been, or in the future may be, sustained.

### FOURTEENTH AFFIRMATIVE DEFENSE

AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs are not entitled to any penalty award under California Labor Code, since, at all relevant times, Defendants did not willfully fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that they had not violated those provisions.

### FIFTEENTH AFFIRMATIVE DEFENSE

AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to the seventh count for violation of the UCL, Defendants allege that Plaintiffs may not recover damages for any alleged violation of the UCL.

### SIXTEENTH AFFIRMATIVE DEFENSE

AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to the seventh count for violation of the UCL, Defendants allege that Plaintiffs are not entitled to restitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs' claims, and the claims of the persons that they purport to represent, are barred to the extent that they have failed to exhaust their administrative remedies under the California Labor Code and its applicable regulations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

AS A EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs' claims are barred in whole or in part because the alleged damages sought in the Complaint are too speculative and uncertain.

### NINETEENTH AFFIRMATIVE DEFENSE

AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs have failed to state a claim for an award of attorneys' fees or costs.

### TWENTIETH AFFIRMATIVE DEFENSE

AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, to the third count for breach of contract, Defendants allege that they substantially performed all of their obligations under any alleged contract.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants have insufficient knowledge or information on which to form a belief as to whether it may have additional, but as yet unstated, affirmative defenses available to it. Defendants, therefore, reserve the right to assert additional affirmative defenses in the event discovery indicates such defenses are available.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by reason of its Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendants;

2. That Defendants be awarded their reasonable costs and attorneys' fees; and

3. That Defendants be awarded such other and further relief as the Court deems just and proper.

Date: June 30, 2008

Respectfully submitted,

SIMPSON, GARRITY & INNES
Professional Corporation

By: _____/s/_____
PAUL V. SIMPSON
TIMOTHY P. O'DONNELL
Attorneys for Defendants
DURAN HOGAN CONSTRUCTION, KURT ROBERT HOGAN SR., RAMON DURAN JR., SYLVIA GARCIA HOGAN, MARIA ELENA DURAN (erroneously sued herein as MARIA ELENA HOGAN)

**PROOF OF SERVICE BY U.S. MAIL**

1    I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. My business address is 601 Gateway Boulevard, Suite 950, South San Francisco, California 94080.

   On the date indicated below, I served by mail, a true copy of the following documents:

**DEFENDANTS DURAN HOGAN CONSTRUCTION, KURT ROBERT HOGAN SR., RAMON DURAN JR., SYLVIA GARCIA HOGAN, MARIA ELENA DURAN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

   I am readily familiar with the practice of this business for collection and processing of documents for mailing with the United States Postal Service. Documents so collected and processed are placed for collection and deposit with the United States Postal Service that same day in the ordinary course of business. The above-referenced document(s) were placed in (a) sealed envelope(s) with postage thereon fully prepaid, addressed to each of the below listed parties and such envelope(s) was (were) placed for collection and deposit with the United States Postal Service on the date listed below at South San Francisco, California.

> Adam Wang
> Law Offices of Adam Wang
> 12 South First Street, Suite 613
> San Jose, CA 95113

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Executed on June 30, 2008, at South San Francisco, California.

_____/s/_____
Danielle Lamica